CV 07 0453

# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## United States District Court for the Eastern District

LONG ISLAND OFFICE

| Name: **Christopher Pagan** | Prisoner No. 99-A-3782 | Case No. 2623-98 |
|---|---|---|

**SEYBERT, J.**

| Place of Confinement: | EASTERN CORRECTIONAL FACILITY |
|---|---|
| | P.O. Box 338, Napanoch, New York 12458 |

| Name of Petitioner (Include name under which convicted) | | Name of Respondent (Authorized person having custody of petitioner) |
|---|---|---|
| **Christopher Pagan** | V. | **William D. Brown,** Superintendent of Eastern Correctional Facility |

The Attorney General of the State of New York: **Andrew Cuomo**

### PETITION

1. Name and location of court which entered the judgment of conviction under attack: *The Supreme Court, Suffolk County, located at: 235 Griffing Ave, Riverhead, New York 11901*.

2. Date of judgment of conviction: *May 25, 1999.*

3. Length of sentence: *Indeterminate 22 & ½ years to life imprisonment.*

4. Nature of offense involved (all counts): *Possession of a Weapon in the Second Degree.*

5. What was your plea? (check one)
   (a) Not guilty? *XX*
   (b) Guilty?
   (c) Nolo contendere?
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:_____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury? *XX*
   (b) Judge only?

7. Did you testify at the trial?
   Yes? No? *XX*

8. Did you appeal from the judgment of conviction?
   Yes? *XX* No?

9. If you did appeal, answer the following:



FILED IN CLERK'S OFFICE U.S. DISTRICT COURT, E.D.N.Y.
BROOKLYN OFFICE
RECEIVED JAN 29 2007 PRO SE OFFICE

(a) Name of court: *The Appellate Division Second Judicial Department.*

(b) Result: *Affirmed*.

(c) Date of result and citation, if known: *23 A.D.3d 412, 805 NYS2d 557 (November 7, 2005)*.

(d) Grounds raised: *(1) There was no probable cause to arrest petitioner; (2) Lower Court violated petitioner's constitutional right to remain silent; (3) Petitioner's right to remain silent was again violated by allowing inadmissible statements as a result of improper questioning; (4) because it was never proven that the alleged gun was a loaded weapon,, the evidence was insufficient to convict petitioner for second degree weapon possession; (5) because it was never proven that petitioner intended to use a gun unlawfully against another, the evidence was insufficient to convict petitioner of second degree weapon possession.*

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

  (1) Name of court: *New York State Court of Appeals*.
  (2) Result: *Denied.*
  (3) Date of result and citation, if known: *6 N.Y.3d 779, 811 NYS2d 346 (January 26, 2006)*.
  (4) Grounds raised: *The same ones previously mentioned in subdivision 9(d) above*.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:
  (1) Name of court _____
  (2) Result _____
  (3) Date of result and citation, if known _____
  (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect of this judgment in any court, state or federal?
Yes? *XX*  No?

11. If your answer to 10 was "yes," give the following information:
  (a)  (1) Name of court Suffolk County Supreme Criminal Court.
      (2) Nature of proceeding C.P.L. § 440.10 Motion.
      (3) Grounds raised Ineffective Assistance of Trial Counsel.
      (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes?  No? *XX*
      (5) Result Denied.
      (6) Date of result December 7, 2004.

  (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ?  No ?
    (5) Result _____
    (6) Date of result _____

2

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes?*XX*  No?
    (2) Second petition, etc.  Yes?    No?

(c) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

### POINT-I

THERE WAS NO PROBABLE CAUSE TO SEARCH PETITIONER'S VEHICLE BASED SOLEY UPON A ROUTINE VEHICLE AND TRAFFIC STOP. IN ADDITION, THE USE OF ARTIFICIAL LIGHT TO SEARCH THE VEHICLE WITHOUT PROPABLE CAUSE WAS ALSO PROHIBITED. U.S. CONST. AMEND. 4.

The routine traffic stop did not rise to the level of probable cause to search petitioner's vehicle. Also, the use of artificial light to search the vehicle without probable cause was also prohibited. 4th Amendment claims are not reviewable by the Federal Courts where there was a full and fair hearing on the matter. Not only the petitioner did not receive a full and fair hearing; the question also presented is whether petitioner should be deprived of proving that he is being unconstitutionally detained as a result of the 4th Amendment violation.

### POINT-II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF THE PETITIONER'S INVOCATION OF HIS RIGHT TO REMAIN SILENT BEFORE THE JURY BY ITS OWN DOING OVER THE OBJECTIONS OF BOTHE THE DISTRICT ATTORNEY AND THE DEFENSE ATTORNEY.
U.S. Const. Amends. 5 & 14.

It was reversible error for the court to hold that there was admissions by petitioner after the petitioner, according to the State Trooper, had remained silent after being Mirand[ized] and being advised to remain silent as a result of the trial testimony of the Trooper that the petitioner verbalized "No".

### POINT III

THE ORAL STATEMENTS ATTRIBUTED TO THE PETITIONER WERE IMPROPERLY ADMITTED AS A RESULT OF INVALID QUESTIONING AND IN VIOLATION OF HIS RIGHT TO REMAIN SILENT AFTER HE HAD INVOKED SUCH RIGHT. U.S. Const. Amends. 5 & 14.

Because petitioner invoked his right to remain silent after given Miranda warnings, thus, it was non-harmless reversible error for the court to allow the jurors to infer that petitioner's silence was consciousness of his guilt. In addition, all statements should have been suppressed as were not spontaneous.

### POINT V

FAILURE TO PROVE THE WEAPON WAS LOADED AT THE TIME IT WAS SEIZED
U.S. Const. Amends. 6 & 14.

Because the Officers in this case failed to voucher an alleged single bullet obtained from the gun alleged had by petitioner, nor was a chain of custody of it shown but exist through hearsay of an anonymous person(s), it

3

was not proven that such weapon was loaded at the time it was seized and thus, the second degree weapon charge required dismissal.

### POINT VI

FAILURE TO PROVE THE GUN WAS INTENDED TO BE USED AGAINST ANOTHER AS REQUIRED BY § 265.03 OF THE PENAL LAW. U.S. Const. Amends. 6 & 14.

In order to convict petitioner for second degree possession of a firearm, it must be proven beyond a reasonable doubt, that he intended to unlawfully use a gun against another person, in which, was not proven in this case. Thus, his second-degree possession of a weapon charge required to be dismissed.

### POINT VII

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL THAT WAS RAISED IN THE 440 MOTION

Petitioner's numerous ineffective assistance of trial counsel claims was improperly denied. Also, the lower state courts' failure to conduct an evidentiary hearing on such matters was also error.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For you information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:
_____
_____
_____

B: Ground two:
_____
_____
_____

Supporting FACTS (state briefly without citing cases or law):

_____
_____
_____

C. Ground three: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____
_____
_____
_____

D. Ground four: _____

Supporting FACTS (state briefly without citing cases or law): _____

_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____
_____
_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes? No? *XXX*

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

     (a) At preliminary hearing: *Don't recall*.

     (b) At arraignment and plea: *Don't recall*.

     (c) At trial: *John Bray, address unknown.*

     (d) At sentencing: *John Bray*.

     (e) On appeal *George Harmel, 33 Wheeler Road. Central Islip, New York 11722*.

     (f) In any post-conviction proceeding: *Pro se & George Harmel, as addressed above.*

     (g) On any appeal from any adverse ruling in a post-conviction proceeding *George Harmel.*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
     Yes? No? *XX*

5

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ? No **?XX**

   (a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

   (b) Give date and length of the above sentence:

_____

_____

   (c) have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ? No ?

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

                                               _____
                                               Signature of Petitioner Pro Se,
                                               Christopher Pagan, 99-A-3782

**Pursuant to 28 U.S.C.A § 1746, I declare under penalty of perjury that the foregoing is true and correct as Executed on <u>January 22nd of 2007</u>,**
                                       (date)

                                               _____
                                               Signature of Petitioner Pro-se,
                                               Christopher Pagan, 99-A-3782

CV 07 0453

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 29 2007 ★

LONG ISLAND OFFICE

UNITED STATE DISTRICT COURT
EATSERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHRISTOPHER PAGAN,

          Petitioner,

          -v-

WILLIAM D. BROWN, Superintendent of
Eastern NY Correctional Facility,

          Respondent.
------------------------------------------------------X

NOTICE OF MOTION TO SEYBERT, J.
PROCEED AS POOR PERSON

INDEX NO. _____

**PLEASE TAKE NOTICE,** that upon the affidavit of **CHRISTOPHER PAGAN**, sworn to on the 22nd day of January 2007, a Motion will be made at a term of this Court for an Order permitting plaintiff to prosecute this **Petition for a Writ of Habeas Corpus** as a poor person.

That plaintiff respectfully requests that the fee(s) be waived in relation to this action.

The Petitioner has insufficient income and property to enable him to pay the cost, fees and expenses related to this matter; and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

_____
Christopher Pagan, Pro se.

Dated: January 22nd, 2007.

To: Andrew Cuomo, Attorney General
    Of the State of New York
    120 Broadway,
    New York., N.Y. 10271-0332

To: Habeas Corpus Unit of Queens County
    District Attorney Thomas Spota
    North County Complex, Bldg. 77,
    Veterans Memorial Hwy,
    Hauppauge, New York 11788

CV 07 0453

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 29 2007   ★

LONG ISLAND OFFICE

SEYBERT, J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHRISTOPHER PAGAN,

                Petitioner,

    -v-

WILLIAM BROWN, Superintendent of
Eastern Correctional Facility,

                Respondent.
-----------------------------------------------------------X

AFFIDAVIT IN SUPPORT OF
MOTION TO PROCEED AS
POOR PERSON

INDEX NO. _____

STATE OF NEW YORK )
                     Ss.:
COUNTY OF ULSTER )

1. I, **Christopher Pagan,** am the Petitioner in the above caption and annexed action, and I make this Affidavit in Support of the attached Motion to Proceed on forma paupers.

2. I am presently in custody of the Superintendent of Eastern Correctional Facility, P.O. Box 338, Napanoch, N.Y. 12458, pursuant to a judgment of the Supreme Court of the County of Suffolk, and sentencing Petitioner to an indeterminate 22 and ½ years to life imprisonment.

3. Petitioner is unable because of his indigence to pay the cost, fees and expenses necessary to prosecute this action.

4. Petitioner is currently incarcerated and is earning about the total of $ 17 dollars every two weeks income.

5. Petitioner owns no Property, receives no assistance from relatives or friends, and has no bank accounts or anything of value of which that would assist him in paying the aforementioned fees.

8

6. Due to these above circumstances, Petitioner believes in good faith that he is entitled to the relief that he is seeking.

**WHEREFORE,** Petitioner prays that this Court grant the relief sort, and for such other and further relief as the Court may deem just and proper.

**Respectfully Submitted**

_____
Christopher Pagan

**Pursuant to § 28 U.S.C.A 1746, Petitioner declare under the penalty of perjury that foregoing is true and correct Executed on January 22nd of 2007;**
**(Date)**

_____
Signature of Petitioner
Christopher Pagan, 99-A-3782

9

CV 07 0453

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 29 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER PAGAN,
                Petitioner,

    -against-

WILLIAM BROWN, Superintendent,
Eastern N.Y. Correctional Facility,
                Respondent,
------------------------------------------------------------X

AFFIDAVIT OF SERVICE

SEYBERT, J.

    **CHRISTOPHER PAGAN,** being the petitioner in the above-entitled action herein, states that on the 22nd day of January, 2007, I served a copy of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254, upon:

> To: Andrew Cuomo, Attorney General
> 120 Broadway,
> New York, N.Y. 10271-0332

> To: Habeas Corpus Unit of Queens County
> District Attorney Thomas Spota
> North County Complex, Bldg. 77,
> Veterans Memorial Hwy,
> Hauppauge, New York 11788

    By sealing the same in a properly addressed, postage prepaid wrapper and by depositing the same in a mailbox at the **Eastern New York Correctional Facility, Post Office Box 338, Napanoch, New York, 12458-0338.**

Pursuant to **28 § U.S.C. § 1746,** I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

**Executed on the 22nd day of January, 2007,**

                respectfully submitted,

                _C. Pagan_
                Christopher Pagan, 99-A-3782
                Petitioner Pro Se
                Eastern New York Correctional
                Facility P.O. Box 338, Napanoch,
                New York, 12458-0338